IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER ABEYTA,

    Plaintiff,

v.                         Case No. _____

SUSAN PALKOSCHRAA and
UNITED SERVICES AUTOMOBILE ASSOCIATION,

    Defendant.

# COMPLAINT FOR PERSONAL INJURY

COMES NOW Plaintiff, Christopher Abeyta, by and through his counsel, Keller & Keller, LLC, (Brian G. Grayson, Esq. and Michael G. Duran, Esq.), and for his Complaint for Personal Injury, states as follows:

1. Plaintiff Christopher Abeyta (hereinafter "Plaintiff") is a resident of San Juan County, State of New Mexico.

2. Upon information and belief, Defendant Susan Pakoschraa is a resident of Aztec, San Juan County, State of Colorado.

3. Upon information and belief, Defendant United Services Automobile Association ("USAA") is a foreign insurer authorized to do business in the State of New Mexico. Defendant USAA is properly joined as a party to this action under *Raskob v. Sanchez*, 1998-NMSC-45, 126 N.M. 394, 970 P.2d 580.

3. This is a civil cause of action regarding a motor vehicle collision which occurred in Farmington, County of San Juan, State of New Mexico.

4. Jurisdiction is proper under U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this District.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the allegations contained in Paragraphs 1 through 5 as if fully set out herein.

7. On or about February 11, 2014, at approximately 3:44 p.m., Plaintiff was westbound on Main Street in Farmington, New Mexico, when Defendant Pakoschraa turned in the path of Plaintiff causing a collision.

8. Defendant Pakoschraa was driving a 2012 Subaru eastbound on Main Street attempting to make a left hand turn onto Beckland Drive and turned left in front of Plaintiff causing a collision.

9. Following the collision, Plaintiff was taken to the hospital by ambulance.

10. Plaintiff suffered personal injuries as a result of the collision.

11. The vehicles driven by both the Plaintiff and Defendant Pakoschraa were towed from the scene due to incapacitation.

12. Defendant Pakoschraa's liability insurance is mandated by law, and therefore USAA is properly joined as a party under *Raskob*, *supra*.

## COUNT I – NEGLIGENCE AND NEGLIGENCE *PER SE*

13. Plaintiff incorporates the allegations contained in Paragraphs 1 through 11 as if fully set out herein.

14. The acts and failures to act by Defendant Pakoschraa as enumerated above were negligent.

15. At the time of the above referenced events, there were in force and effect certain statutes and ordinances that were violated by Defendant Pakoschraa, including but

not limited to:

      a.      NMSA 1978, § 66-8-114  Careless driving;

      b.      NMSA 1978, § 66-7-329  Vehicle turning left at intersection;

      c.      NMSA 1978, § 66-7-3 Required obedience to traffic laws.

The aforementioned statutes were enacted for the protection of the class of persons which include Plaintiff.  Defendant Pakoschraa's violation of these statutes constitutes negligence *per se*.

16.      Defendant Pakoschraa had a duty to exercise ordinary care for the safety of other drivers on the roadway while operating a motor vehicle.

17.      Defendant Pakoschraa had a duty to obey the traffic laws of the State of New Mexico.

18.      Defendant Pakoschraa breached these duties to Plaintiff and thus was negligent.

19.      As a direct and proximate result of the negligence and negligence *per se* of Defendant Pakoschraa, Plaintiff has suffered and continues to suffer personal injury and property damages in amounts to be proven at trial, including but not limited to actual damages, together with pre-judgment interest, costs, consequential damages, emotional distress, hedonic damages, and other undetermined damages, all to be proven at trial.

20.      Defendant USAA is obligated to indemnify Defendant Pakoschraa for all damages awarded.

WHEREFORE, Plaintiff prays for judgment against Defendants for compensatory damages, actual damages, hedonic damages, attorneys' fees and costs, pre-judgment and

post-judgment interest, and for such other and further relief as the Court deems just and proper.

**TRIAL BY JURY IS HEREBY DEMANDED**

Respectfully Submitted,

KELLER & KELLER, LLC

By: *s/ Brian G. Grayson*_____
  Brian G. Grayson, Esq.
  Michael G. Duran, Esq.
  505 Marquette NW
  Suite 1300
  Albuquerque, NM 87102
  (505) 938-2300
  (505) 938-2301 (facsimile)
  *Attorneys for Plaintiff*